# Exhibit 1

DOCUMENT 2



ELECTRONICALLY FILED
3/21/2024 1:05 PM
03-CV-2024-900464.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JOHN DOE, <br>     Plaintiff, | * <br> * <br> * |
| vs. | *     CASE NO. CV-24-_____ <br> * |
| GENERAL MOTORS LLC, <br>     Defendant. | * <br> * |

### COMPLAINT

COMES NOW the Plaintiff, John Doe, naming as Defendant, General Motors LLC, alleging as follows:

### FACTS

1. Plaintiff, John Doe, is a resident of Montgomery County, Alabama. Plaintiff is filing this complaint under a pseudonym due to privacy concerns.

2. Defendant, General Motors LLC (hereinafter referred to as "Manufacturer"), is a corporation authorized to do business in the State of Alabama and, at all times relevant hereto, was engaged in the manufacture, sale, distribution and/or importing of GMC brand vehicles and related equipment.

3. On or about March 17, 2023, Plaintiff obtained a new GMC Sierra 1500 (having Vehicle Identification Number IGTUUHEL4PZ230265) for the sum of $84,695.00, which motor vehicle was manufactured, distributed and/or imported by the Defendant Manufacturer.

4. The Plaintiff, John Doe, is a consumer, as defined by Section Title 8, §8-20A-1, Ala. Code 1975.

5. The Plaintiff's 2023 GMC Sierra 1500 is a motor vehicle as defined by Section Title 8, §8-20A-1, Ala. Code 1975.

6.  The Defendant, General Motors LLC, is a manufacturer as defined by Section Title 8, §8-20A-1, Ala. Code 1975.

7.  On or about September 8, 2023, Defendant received proper notice of a non-conforming condition as defined by Section Title 8, §8-20A-1, Ala. Code 1975.

8.  On or about March 17, 2023, the Plaintiff purchased the Motor Vehicle, and on or about March 17, 2023, the Motor Vehicle began having significant non-conforming conditions.

9.  At the time of said non-conforming conditions, the Motor Vehicle's express warranty and implied warranties were still in full force and effect. Said non-conforming conditions include: 1) constant noise coming from the climate control system that has not worked properly since the date of purchase (hereinafter the "Defects").

10. As a result of said non-conforming condition, Plaintiff took the vehicle to an Authorized Dealer of Defendant for proper repairs to cure the "defect" on at least three (3) occasions.

11. The defect was duplicated by an authorized dealer of Defendant's on January 24, 2024 and March 7, 2024. Said authorized dealer was unaware of how to remedy the defect.

12. On March 7, 2024, and after being placed on notice as listed in Paragraph 7, the defect was also duplicated by a field engineer of Defendant's. The field engineer was not able to correct the defect.

13. Plaintiff has provided high quality videos of the defect to Defendant, Defendant's authorized dealer, and Defendant's field engineer prior to the filing of the above-styled action. It is apparent that those parties cannot remedy the defect.

14. Defendant was given opportunities to make final repairs to said motor vehicle.

15. Defendant and Plaintiff have attempted to resolve this matter through informal dispute settlement talks to no avail.

16. This cause arises out of the Defendant's negligence, misrepresentation, breaches of warranty and contract and violations of statutes, as hereinafter set forth.

## COUNT I
## BREACH OF WARRANTIES

17. Plaintiff incorporates by reference all facts and allegations set forth above in this complaint as if fully set forth herein.

18. Defendant is a merchant with respect to motor vehicles under Title 7, §7-2-104, Ala. Code 1975.

19. The aforementioned motor vehicle purchased by Plaintiff was subject to implied warranties of merchantability under Title 7, §7-2-314, Ala. Code 1975.

20. Defendant, to induce said sale, also made certain express warranties and representations to Plaintiff, both orally and in writing and through their advertising and conduct.

21. Said express and implied warranties and representations included, but were not limited to, the following:

    (a) Said vehicle was of good, sound and merchantable quality;

    (b) Said vehicle was free from defective parts and workmanship;

    (c) Said vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;

    (d) Any defects or non-conformities would be cured within a reasonable time;

(e)   In the event said vehicle was not free from defective parts or workmanship that Defendant would repair or replace the same without cost to Plaintiff.

22.   Said vehicle was not warranted and represented and has suffered from the Defect as is reflected in the numerous repair orders in possession of Defendant.

23.   Plaintiff has given Defendant reasonable opportunities to cure said Defect and make the subject vehicle fit for its intended purpose, but Defendant has been unable or has refused to do so within a reasonable time and without cost to Plaintiff.

24.   As a direct and proximate result of Defendant's various breaches of warranty, Plaintiff has suffered damages, including but not limited to: the purchase price of the vehicle, a 2021 GMC Sierra Denali traded in exchange for the vehicle, interest and sales tax, insurance, and in addition, Plaintiff will suffer future damages, including but not limited to, the cost of covering a contract elsewhere, aggravation and inconvenience, mental anguish, together with costs and attorney fees in attempting to obtain relief from Defendant's wrongful conduct.

## COUNT II
## REVOCATION OF ACCEPTANCE

25.   Plaintiff incorporates by reference all facts and allegations set forth above in this complaint as if fully set forth herein.

26.   Plaintiff reasonably assumed and Defendant represented that the aforesaid Defect or non-conformities would be cured within a reasonable time.

27.   After numerous attempts by an Authorized Dealer of Defendant to cure, it has become apparent that said non-conformities cannot be cured as problems with said vehicle continue to appear.

28. The non-conformities substantially impair the value of the vehicle to Plaintiff.

29. Plaintiff has previously notified Defendant of said non-conformities and Plaintiff's intent to revoke acceptance pursuant to Title 7, §7-2-608, Ala. Code 1975 and demand cancellation of the contract as well as the return of any monies owed Plaintiff thereunder.

## COUNT III
## LIABILITY UNDER MAGNUSON-MOSS WARRANTY ACT (15 USC §2301 *ET SEQ*)

30. Plaintiff incorporates by reference all facts and allegations set forth above in this complaint as if fully set forth herein.

31. This Court has jurisdiction to decide claims brought under 15 USC §2301 *et seq.*, by virtue of 15 USC §2301(d)-(a).

32. Plaintiff is a consumer as defined in 15 USC §2301(3).

33. Defendant is a supplier and warrantor as defined in 15 USC §2301(4)(5).

34. The aforementioned motor vehicle is a consumer product as defined in 15 USC§2301(6).

35. 15 USC §2301(a)(1), requires Defendant, as warrantors, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to Plaintiff, as defined in 15 USC §2304(d).

36. Despite repeated demands and despite the fact that Plaintiff has complied with all reasonable terms and conditions imposed on him by Defendant, Defendant has failed and refused to remedy within a reasonable time the defects heretofore set forth in the Facts of this Complaint.

37. As a result of Defendant's breaches of express and implied warranties as set forth in this Complaint, and Defendant's failure to remedy same within a reasonable time and without charge to Plaintiff, Plaintiff has suffered the damages enumerated in Count I of this Complaint.

## COUNT IV
## MISREPRESENTATION AND NEGLIGENCE

38. Plaintiff incorporates by reference all facts and allegations set forth above in this complaint as if fully set forth herein.

39. At all times relevant hereto, Defendant had a duty to perform repairs or cause repairs to be performed in a careful, workmanlike manner within a reasonable time and had a further duty to disclose to Plaintiff any defects or non-conformities which could not be cured within a reasonable time.

40. Defendant had a duty to warn Plaintiff that the subject vehicle was not free of defects.

41. At all times relevant hereto, Defendant breached the aforesaid duty of disclosure by representing, either affirmatively or by omission, that the abovementioned Defects could be seasonably cured, when they knew, or in the exercise of reasonable care, should have known the same to be untrue.

42. Defendant further breached the aforesaid duty to disclose by representing, either affirmatively or by omission, that the subject vehicle had been properly repaired, when in fact, the vehicle had not been adequately or properly repaired.

43. The foregoing representations were false.

44. Defendant made the aforesaid representations, knowing the same to be false or with reckless disregard as to whether they were true or false or, alternatively, innocently or negligently but with the intent that Plaintiff rely on the same.

45. Plaintiff reasonably relied on Defendant's representations to his detriment, as herein before alleged.

46. Defendant received benefits from Plaintiff's reliance.

47. As a direct and proximate result of Defendant's aforementioned negligence and misrepresentation, Plaintiff has suffered the damages set forth in Count I above.

### COUNT V
### VIOLATION OF § 8-20A OF THE CODE OF ALABAMA (1975), ET SEQ. (ALABAMA LEMON LAW)

48. Plaintiff incorporates by reference all heretofore mentioned facts and allegations set forth above in this Complaint as if fully set forth herein.

49. The subject vehicle has been out of service because of repairs on multiple occasions, with the first such repair being within one year of the date of delivery to Plaintiffs.

50. Plaintiff has given reasonable notice and opportunity to cure as required by statute and has otherwise complied with all other requirements of said statute so that the remedy may be afforded him.

51. To the extent that any further notice or demand is required, the same is hereby made and given.

52. Despite demand, Defendant has refused to refund Plaintiff's purchase price, less the reasonable allowance for Plaintiff's use of the vehicle as required by Title 8, §8-20A-2, Ala. Code 1975, together with Plaintiff's out of pocket costs as required by statute.

53. Defendant has failed to comply with Title 8, Chapter 20A of the Code of Alabama entitled Motor Vehicle Lemon Law Rights (The "Lemon Law").

54. As a proximate consequence of said violations, Plaintiff has suffered damages as he paid $84,695.00 for a Motor Vehicle that has significantly impaired use, value and/or safety due to its non-conforming conditions.

55. Said non-conforming conditions to the Motor Vehicle are not the result of any abuse, neglect, modification or alteration by the Plaintiff or by any accident or other damage to the Motor Vehicle.

56. As a proximate consequence of the Defendant's failure to comply with The Lemon Law, Plaintiff has suffered damages of:

(a) The contract price of the motor vehicle;

(b) All collateral charges including, but not limited to, the sales tax, license and registration fees and similar government charges;

(c) All finance charges incurred after first reporting said non-conformity to the Defendant, its agent or its authorized dealer;

(d) Any incidental charges incurred by the Plaintiff; and

(e) Reasonable attorney's fees and costs.

### COUNT VI
### DECEPTIVE TRADE PRACTICES

57. Plaintiff incorporates by reference all heretofore mentioned facts and allegations set forth above in this Complaint as if fully set forth herein.

58. Defendants violated the Alabama Deceptive Trade Practices Act as stated in Title 8, §8-19-5, Ala. Code 1975 in each of the following instances:

(a) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(b) Advertising goods or services with the intent not to sell them as advertised;

(c) Knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;

(d) Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.

WHEREFORE, Plaintiffs request relief as follows:

1. A judgment in the amount of $84,695.00 for the contract price of the vehicle and interest on the loan.

2. An Order requiring Defendant to refund Plaintiff's purchase price, together with taxes, insurance premiums, interest, costs and actual attorney fees as provided by Title 8, § 8-20A and Title 8, §8-19-10 of the Code of Alabama (1975), *et seq.*, or in the alternative, that Plaintiff be awarded damages in whatever amount he is found to be entitled, plus interest, costs and attorney fees;

3. An Order requiring Defendant to accept return of the subject vehicle and refund Plaintiff's monies, together with incidental and consequential damages, interest, costs and reasonable attorney fees;

4. An Order requiring Defendant to accept return of the subject vehicle and refund Plaintiff's purchase price, together with taxes, insurance premiums, interest, costs and actual attorney fees as provided by 15 USC §2310(d)(2) or in the alternative, that Plaintiff be awarded damages in whatever amount above $10,000.00, but less

than $75,000.00, he is found to be entitled, plus interest, costs and actual attorney fees;

5. Any other and further relief as may be proper.

/s/ *Nicholas C. Hughes*
Nicholas Cole Hughes (HUG057)
Attorney for the Plaintiff
475 Providence Main Street, Suite 303D
Huntsville, AL 35806
Tel:  256-797-3057
Fax:  334-279-8830
nick@argohughes.com



AlaFile E-Notice

03-CV-2024-900464.00

To: GENERAL MOTORS, LLC
641 S. LAWRENCE ST
C/O CORP SVC CO, INC
MONTGOMERY, AL, 36104

## NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN DOE V. GENERAL MOTORS, LLC
03-CV-2024-900464.00

The following complaint was FILED on 3/21/2024 1:06:00 PM

Notice Date:    3/21/2024 1:06:00 PM

Service by sheriff in 03 - MONTGOMERY County

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260