# Exhibit 2

# ALABAMA SJIS CASE DETAIL


alacourt.com

County: **03**    Case Number: **CV-2024-900464.00**    Court Action:
Style: **JOHN DOE V. GENERAL MOTORS, LLC**

**Real Time**

## Case

### Case Information

| | | |
|---|---|---|
| County: **03-MONTGOMERY** | Case Number: **CV-2024-900464.00** | Judge: **JHA:JAMES H ANDERSON** |
| Style: **JOHN DOE V. GENERAL MOTORS, LLC** | | |
| Filed: **03/21/2024** | Case Status: **ACTIVE** | Case Type: **OTHER CV CASE** |
| Trial Type: **BENCH** | Track: | Appellate Case: **0** |
| No of Plaintiffs: **1** | No of Defendants: **1** | |

### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **03/21/2024** | Updated By: **AJA** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - DOE JOHN

#### Party Information

| | | |
|---|---|---|
| Party: **C001-Plaintiff** | Name: **DOE JOHN** | Type: **I-INDIVIDUAL** |
| Index: **D GENERAL MOTO** | Alt Name: | JID: **JHA** |
| Address 1: **475 PROVIDENCE MAIN ST** | | Hardship: **No** Phone: **(334) 000-0000** |

| | | | | | | |
|---|---|---|---|---|---|---|
| Address 2: | **SUITE 303D** | | | | | |
| City: | **HUNTSVILLE** | State: | **AL** | Zip: | **35806-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: / Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | HUG057 | | HUGHES NICHOLAS COLE | NICK@ARGOHUGHES.COM | (334) 279-0088 |

### Party 2 - Defendant BUSINESS - GENERAL MOTORS, LLC

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **GENERAL MOTORS, LLC** | | Type: | **B-BUSINESS** |
| Index: | **C DOE JOHN** | Alt Name: | | Hardship: **No** | JID: | **JHA** |
| Address 1: | **641 S. LAWRENCE ST** | | | Phone: **(334) 000-0000** | | |
| Address 2: | **C/O CORP SVC CO, INC** | | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: | **36104-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | **03/21/2024** | Issued Type: | **S-SHERIFF** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | **03/28/2024** | Service Type | **A-AUTHORIZED SERVICE** | Service On: | Notice of No Answer: / Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Financial

## Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | CONV | C001 | 000 | $11.04 | $11.04 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV00 | C001 | 000 | $201.00 | $201.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | SERV | C001 | 000 | $30.00 | $30.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $287.04 | $287.04 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/21/2024 | CREDIT | CONV | 2024123 | 29227000 | $11.04 | C001 | 000 | | N | | | JAP |
| 03/21/2024 | RECEIPT | CV00 | 2024123 | 29227100 | $201.00 | C001 | 000 | | N | | | JAP |
| 03/21/2024 | RECEIPT | SERV | 2024123 | 29227200 | $30.00 | C001 | 000 | | N | | | JAP |
| 03/21/2024 | RECEIPT | VADM | 2024123 | 29227300 | $45.00 | C001 | 000 | | N | | | JAP |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 3/21/2024 | 1:05 PM | ECOMP | COMPLAINT E-FILED. | HUG057 |
| 3/21/2024 | 1:06 PM | FILE | FILED THIS DATE: 03/21/2024          (AV01) | AJA |
| 3/21/2024 | 1:06 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 3/21/2024 | 1:06 PM | ASSJ | ASSIGNED TO JUDGE: JAMES H ANDERSON          (AV01) | AJA |
| 3/21/2024 | 1:06 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 3/21/2024 | 1:06 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | AJA |
| 3/21/2024 | 1:06 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 3/21/2024 | 1:06 PM | EXPD | EXPEDITED STATUS DENIED          (AV01) | AJA |
| 3/21/2024 | 1:06 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 3/21/2024 | 1:06 PM | C001 | C001 PARTY ADDED: DOE JOHN          (AV02) | AJA |
| 3/21/2024 | 1:06 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/21/2024 | 1:06 PM | C001 | LISTED AS ATTORNEY FOR C001: HUGHES NICHOLAS COLE | AJA |
| 3/21/2024 | 1:06 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/21/2024 | 1:06 PM | D001 | D001 PARTY ADDED: GENERAL MOTORS, LLC          (AV02) | AJA |
| 3/21/2024 | 1:06 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/21/2024 | 1:06 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 3/21/2024 | 1:06 PM | D001 | SHERIFF ISSUED: 03/21/2024 TO D001          (AV02) | AJA |
| 3/21/2024 | 1:06 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/29/2024 | 1:18 PM | D001 | SERVICE OF AUTHORIZED ON 03/28/2024 FOR D001(AV02) | HEE |
| 3/29/2024 | 1:18 PM | ESERC | SERVICE RETURN | HEE |
| 4/3/2024 | 11:41 AM | EDISC | NOTICE OF DISCOVERY E-FILED. | HUG057 |
| 4/17/2024 | 2:10 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | HUG057 |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 3/21/2024 1:06:00 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 3/21/2024 1:06:01 PM | 2 | COMPLAINT | | 10 |
| 3/21/2024 1:06:44 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 3/21/2024 1:06:45 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 3/29/2024 1:18:43 PM | 5 | SERVICE RETURN | SERVICE RETURN | 1 |
| 3/29/2024 1:18:48 PM | 6 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 4/3/2024 11:41:55 AM | 7 | NOTICE OF DISCOVERY | Notice of Service of Discovery | 6 |
| 4/3/2024 11:42:01 AM | 8 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 4/17/2024 2:10:27 PM | 9 | NOTICE OF DISCOVERY | Requests for Admissions | 9 |
| 4/17/2024 2:10:30 PM | 10 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |

ELECTRONICALLY FILED
3/21/2024 1:05 PM
03-CV-2024-900464.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>03-CV-2024-900464.00<br><br>Date of Filing:          Judge Code:<br>03/21/2024 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### JOHN DOE v. GENERAL MOTORS, LLC

**First Plaintiff:** ☐ Business   ☑ Individual       **First Defendant:** ☑ Business   ☐ Individual
☐ Government   ☐ Other                              ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA  - Wrongful Death
☐ TONG  - Negligence: General
☐ TOMV  - Negligence: Motor Vehicle
☐ TOWA  - Wantonness
☐ TOPL  - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM  - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM  - Fraud/Bad Faith/Misrepresentation
☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE  - Personal Property
☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN  - Abandoned Automobile
☐ ACCT  - Account & Nonmortgage
☐ APAA  - Administrative Agency Appeal
☐ ADPA  - Administrative Procedure Act
☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT  - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP  - Contempt of Court
☐ CONT  - Contract/Ejectment/Writ of Seizure
☐ TOCN  - Conversion
☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD  - Eviction Appeal/Unlawful Detainer
☐ FORJ  - Foreign Judgment
☐ FORF  - Fruits of Crime Forfeiture
☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB  - Protection From Abuse
☐ EPFA  - Elder Protection From Abuse
☐ QTLB  - Quiet Title Land Bank
☐ FELA  - Railroad/Seaman (FELA)
☐ RPRO  - Real Property
☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP  - Workers' Compensation
☑ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING       A ☐ APPEAL FROM
DISTRICT COURT                    O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO    **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**       ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
HUG057                    3/21/2024 1:05:59 PM          /s/ NICHOLAS COLE HUGHES
Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**       ☐ YES ☑ NO   ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
3/21/2024 1:05 PM
03-CV-2024-900464.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN DOE,                              *
      Plaintiff,                    *
                                      *
vs.                                    *     **CASE NO. CV-24-_____**
                                      *
GENERAL MOTORS LLC,                    *
      Defendant.                    *

## COMPLAINT

COMES NOW the Plaintiff, John Doe, naming as Defendant, General Motors LLC, alleging as follows:

## FACTS

1.     Plaintiff, John Doe, is a resident of Montgomery County, Alabama. Plaintiff is filing this complaint under a pseudonym due to privacy concerns.

2.     Defendant, General Motors LLC (hereinafter referred to as "Manufacturer"), is a corporation authorized to do business in the State of Alabama and, at all times relevant hereto, was engaged in the manufacture, sale, distribution and/or importing of GMC brand vehicles and related equipment.

3.     On or about March 17, 2023, Plaintiff obtained a new GMC Sierra 1500 (having Vehicle Identification Number IGTUUHEL4PZ230265) for the sum of $84,695.00, which motor vehicle was manufactured, distributed and/or imported by the Defendant Manufacturer.

4.     The Plaintiff, John Doe, is a consumer, as defined by Section Title 8, §8-20A-1, Ala. Code 1975.

5.     The Plaintiff's 2023 GMC Sierra 1500 is a motor vehicle as defined by Section Title 8, §8-20A-1, Ala. Code 1975.

6.     The Defendant, General Motors LLC, is a manufacturer as defined by Section Title 8, §8-20A-1, Ala. Code 1975.

7.     On or about September 8, 2023, Defendant received proper notice of a non-conforming condition as defined by Section Title 8, §8-20A-1, Ala. Code 1975.

8.     On or about March 17, 2023, the Plaintiff purchased the Motor Vehicle, and on or about March 17, 2023, the Motor Vehicle began having significant non-conforming conditions.

9.     At the time of said non-conforming conditions, the Motor Vehicle's express warranty and implied warranties were still in full force and effect. Said non-conforming conditions include: 1) constant noise coming from the climate control system that has not worked properly since the date of purchase (hereinafter the "Defects").

10.    As a result of said non-conforming condition, Plaintiff took the vehicle to an Authorized Dealer of Defendant for proper repairs to cure the "defect" on at least three (3) occasions.

11.    The defect was duplicated by an authorized dealer of Defendant's on January 24, 2024 and March 7, 2024.  Said authorized dealer was unaware of how to remedy the defect.

12.    On March 7, 2024, and after being placed on notice as listed in Paragraph 7, the defect was also duplicated by a field engineer of Defendant's.  The field engineer was not able to correct the defect.

13.    Plaintiff has provided high quality videos of the defect to Defendant, Defendant's authorized dealer, and Defendant's field engineer prior to the filing of the above-styled action.  It is apparent that those parties cannot remedy the defect.

14.     Defendant was given opportunities to make final repairs to said motor vehicle.

15.     Defendant and Plaintiff have attempted to resolve this matter through informal dispute settlement talks to no avail.

16.     This cause arises out of the Defendant's negligence, misrepresentation, breaches of warranty and contract and violations of statutes, as hereinafter set forth.

## COUNT I
## BREACH OF WARRANTIES

17.     Plaintiff incorporates by reference all facts and allegations set forth above in this complaint as if fully set forth herein.

18.     Defendant is a merchant with respect to motor vehicles under Title 7, §7-2-104, Ala. Code 1975.

19.     The aforementioned motor vehicle purchased by Plaintiff was subject to implied warranties of merchantability under Title 7, §7-2-314, Ala. Code 1975.

20.     Defendant, to induce said sale, also made certain express warranties and representations to Plaintiff, both orally and in writing and through their advertising and conduct.

21.     Said express and implied warranties and representations included, but were not limited to, the following:

(a)     Said vehicle was of good, sound and merchantable quality;

(b)     Said vehicle was free from defective parts and workmanship;

(c)     Said vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;

(d)     Any defects or non-conformities would be cured within a reasonable time;

(e)    In the event said vehicle was not free from defective parts or workmanship that Defendant would repair or replace the same without cost to Plaintiff.

22.    Said vehicle was not warranted and represented and has suffered from the Defect as is reflected in the numerous repair orders in possession of Defendant.

23.    Plaintiff has given Defendant reasonable opportunities to cure said Defect and make the subject vehicle fit for its intended purpose, but Defendant has been unable or has refused to do so within a reasonable time and without cost to Plaintiff.

24.    As a direct and proximate result of Defendant's various breaches of warranty, Plaintiff has suffered damages, including but not limited to: the purchase price of the vehicle, a 2021 GMC Sierra Denali traded in exchange for the vehicle, interest and sales tax, insurance, and in addition, Plaintiff will suffer future damages, including but not limited to, the cost of covering a contract elsewhere, aggravation and inconvenience, mental anguish, together with costs and attorney fees in attempting to obtain relief from Defendant's wrongful conduct.

**COUNT II**
**REVOCATION OF ACCEPTANCE**

25.    Plaintiff incorporates by reference all facts and allegations set forth above in this complaint as if fully set forth herein.

26.    Plaintiff reasonably assumed and Defendant represented that the aforesaid Defect or non-conformities would be cured within a reasonable time.

27.    After numerous attempts by an Authorized Dealer of Defendant to cure, it has become apparent that said non-conformities cannot be cured as problems with said vehicle continue to appear.

28.    The non-conformities substantially impair the value of the vehicle to Plaintiff.

29.    Plaintiff has previously notified Defendant of said non-conformities and Plaintiff's intent to revoke acceptance pursuant to Title 7, §7-2-608, Ala. Code 1975 and demand cancellation of the contract as well as the return of any monies owed Plaintiff thereunder.

## COUNT III
## LIABILITY UNDER MAGNUSON-MOSS
## WARRANTY ACT (15 USC §2301 *ET SEQ*)

30.    Plaintiff incorporates by reference all facts and allegations set forth above in this complaint as if fully set forth herein.

31.    This Court has jurisdiction to decide claims brought under 15 USC §2301 *et seq.*, by virtue of 15 USC §2301(d)-(a).

32.    Plaintiff is a consumer as defined in 15 USC §2301(3).

33.    Defendant is a supplier and warrantor as defined in 15 USC §2301(4)(5).

34.    The aforementioned motor vehicle is a consumer product as defined in 15 USC§2301(6).

35.    15 USC §2301(a)(1), requires Defendant, as warrantors, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to Plaintiff, as defined in 15 USC §2304(d).

36.    Despite repeated demands and despite the fact that Plaintiff has complied with all reasonable terms and conditions imposed on him by Defendant, Defendant has failed and refused to remedy within a reasonable time the defects heretofore set forth in the Facts of this Complaint.

37.     As a result of Defendant's breaches of express and implied warranties as set forth in this Complaint, and Defendant's failure to remedy same within a reasonable time and without charge to Plaintiff, Plaintiff has suffered the damages enumerated in Count I of this Complaint.

**COUNT IV**
**MISREPRESENTATION AND NEGLIGENCE**

38.     Plaintiff incorporates by reference all facts and allegations set forth above in this complaint as if fully set forth herein.

39.     At all times relevant hereto, Defendant had a duty to perform repairs or cause repairs to be performed in a careful, workmanlike manner within a reasonable time and had a further duty to disclose to Plaintiff any defects or non-conformities which could not be cured within a reasonable time.

40.     Defendant had a duty to warn Plaintiff that the subject vehicle was not free of defects.

41.     At all times relevant hereto, Defendant breached the aforesaid duty of disclosure by representing, either affirmatively or by omission, that the abovementioned Defects could be seasonably cured, when they knew, or in the exercise of reasonable care, should have known the same to be untrue.

42.     Defendant further breached the aforesaid duty to disclose by representing, either affirmatively or by omission, that the subject vehicle had been properly repaired, when in fact, the vehicle had not been adequately or properly repaired.

43.     The foregoing representations were false.

44.     Defendant made the aforesaid representations, knowing the same to be false or with reckless disregard as to whether they were true or false or, alternatively, innocently or negligently but with the intent that Plaintiff rely on the same.

45.     Plaintiff reasonably relied on Defendant's representations to his detriment, as herein before alleged.

46.     Defendant received benefits from Plaintiff's reliance.

47.     As a direct and proximate result of Defendant's aforementioned negligence and misrepresentation, Plaintiff has suffered the damages set forth in Count I above.

**COUNT V**
**VIOLATION OF § 8-20A OF THE CODE OF ALABAMA (1975), ET SEQ.**
**(ALABAMA LEMON LAW)**

48.     Plaintiff incorporates by reference all heretofore mentioned facts and allegations set forth above in this Complaint as if fully set forth herein.

49.     The subject vehicle has been out of service because of repairs on multiple occasions, with the first such repair being within one year of the date of delivery to Plaintiffs.

50.     Plaintiff has given reasonable notice and opportunity to cure as required by statute and has otherwise complied with all other requirements of said statute so that the remedy may be afforded him.

51.     To the extent that any further notice or demand is required, the same is hereby made and given.

52.     Despite demand, Defendant has refused to refund Plaintiff's purchase price, less the reasonable allowance for Plaintiff's use of the vehicle as required by Title 8, §8-20A-2, Ala. Code 1975, together with Plaintiff's out of pocket costs as required by statute.

53.    Defendant has failed to comply with Title 8, Chapter 20A of the Code of Alabama entitled Motor Vehicle Lemon Law Rights (The "Lemon Law").

54.    As a proximate consequence of said violations, Plaintiff has suffered damages as he paid $84,695.00 for a Motor Vehicle that has significantly impaired use, value and/or safety due to its non-conforming conditions.

55.    Said non-conforming conditions to the Motor Vehicle are not the result of any abuse, neglect, modification or alteration by the Plaintiff or by any accident or other damage to the Motor Vehicle.

56.    As a proximate consequence of the Defendant's failure to comply with The Lemon Law, Plaintiff has suffered damages of:

(a)  The contract price of the motor vehicle;

(b)  All collateral charges including, but not limited to, the sales tax, license and registration fees and similar government charges;

(c)  All finance charges incurred after first reporting said non-conformity to the Defendant, its agent or its authorized dealer;

(d)  Any incidental charges incurred by the Plaintiff; and

(e)  Reasonable attorney's fees and costs.

**COUNT VI**
**DECEPTIVE TRADE PRACTICES**

57.    Plaintiff incorporates by reference all heretofore mentioned facts and allegations set forth above in this Complaint as if fully set forth herein.

58.    Defendants violated the Alabama Deceptive Trade Practices Act as stated in Title 8, §8-19-5, Ala. Code 1975 in each of the following instances:

(a)  Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(b)  Advertising goods or services with the intent not to sell them as advertised;

(c)  Knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;

(d)  Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.

WHEREFORE, Plaintiffs request relief as follows:

1.  A judgment in the amount of $84,695.00 for the contract price of the vehicle and interest on the loan.

2.  An Order requiring Defendant to refund Plaintiff's purchase price, together with taxes, insurance premiums, interest, costs and actual attorney fees as provided by Title 8, § 8-20A and Title 8, §8-19-10 of the Code of Alabama (1975), *et seq.*, or in the alternative, that Plaintiff be awarded damages in whatever amount he is found to be entitled, plus interest, costs and attorney fees;

3.  An Order requiring Defendant to accept return of the subject vehicle and refund Plaintiff's monies, together with incidental and consequential damages, interest, costs and reasonable attorney fees;

4.  An Order requiring Defendant to accept return of the subject vehicle and refund Plaintiff's purchase price, together with taxes, insurance premiums, interest, costs and actual attorney fees as provided by 15 USC §2310(d)(2) or in the alternative, that Plaintiff be awarded damages in whatever amount above $10,000.00, but less

than $75,000.00, he is found to be entitled, plus interest, costs and actual attorney

fees;

5.  Any other and further relief as may be proper.

/s/ **_Nicholas C. Hughes_**
Nicholas Cole Hughes (HUG057)
Attorney for the Plaintiff
475 Providence Main Street, Suite 303D
Huntsville, AL 35806
Tel:    256-797-3057
Fax:    334-279-8830
nick@argohughes.com



AlaFile E-Notice

03-CV-2024-900464.00

To:   NICHOLAS COLE HUGHES
      nick@argohughes.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN DOE V. GENERAL MOTORS, LLC
03-CV-2024-900464.00

The following complaint was FILED on 3/21/2024 1:06:00 PM

Notice Date:      3/21/2024 1:06:00 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

DOCUMENT 3



AlaFile E-Notice

03-CV-2024-900464.00

To:  GENERAL MOTORS, LLC
     641 S. LAWRENCE ST
     C/O CORP SVC CO, INC
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN DOE V. GENERAL MOTORS, LLC
03-CV-2024-900464.00

The following complaint was FILED on 3/21/2024 1:06:00 PM

Notice Date:     3/21/2024 1:06:00 PM

Service by sheriff in 03 - MONTGOMERY County

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2024-900464.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
## JOHN DOE V. GENERAL MOTORS, LLC

**NOTICE TO:** GENERAL MOTORS, LLC, 641 S. LAWRENCE ST C/O CORP SVC CO, INC, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), NICHOLAS COLE HUGHES

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 475 Providence Main Street, Suite 303D, Huntsville, AL 35806

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

_____
*[Name(s)]*

| 03/21/2024 | /s/ GINA J. ISHMAN | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.

_____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

[ ] Return receipt of certified mail received in this office on _____.

*(Date)*

*Personal/Authorized*

[ ] I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____.

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

Document left:

   [ ] with above-named Defendant;

   [ ] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

   [ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

   [ ] the above-named Defendant;

   [ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>03-CV-2024-900464.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
## JOHN DOE V. GENERAL MOTORS, LLC

**NOTICE TO:** GENERAL MOTORS, LLC, 641 S. LAWRENCE ST C/O CORP SVC CO, INC, MONTGOMERY, AL 36104

THE COMPLAINT OR OTHER DOCUMENT WHIC... 03CV202490046400 ...OU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOU... ...FILE THE
ORIGINAL OF YOUR WRITTEN ANSWER, EITHE... ...LAINT OR
OTHER DOCUMENT, WITH THE CLERK OF TH... GENERAL MOTORS LLC ...OR HAND
DELIVERED BY YOU OR YOUR ATTORNEY TO ...    Def
NICHOLAS COLE HUGHES
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 475 Providence Main Street, Suite 303D, Huntsville, AL 35806
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[☑] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

MAR 29 2024

03/21/2024      /s/ GINA J. ISHMAN      *[Name(s)]*
*(Date)*      *(Signature of Clerk)*      By:      *(Name)*

[ ] Certified Mail is hereby requested.
       *(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE
*Certified Mail*

[ ] Return receipt of certified mail received in this office on
       *(Date)*

*Personal/Authorized*

[☑] I certify that I personally delivered a copy of this Summons and the Complaint or other document to
GM c/o Gary Ellis   in   Madison   County, Alabama on 3-24-24
*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*
Document left:

[ ] with above-named Defendant;
[X] with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
[ ] at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

[ ] I certify that service of process of this Summons and the Complaint or other document was refused by
     in
*(First and Last Name of Person Served)*    *(Name of County)*    County, Alabama on    who is:
       *(Date)*

[ ] the above-named Defendant;
[ ] an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

[ ] As a designated process server pursuant to Rule 4(I)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*    **Service Return Copy**

RCVD 25 MAR '24...
MCSO MONTGOMERY, AL



AlaFile E-Notice

03-CV-2024-900464.00

Judge: JAMES H ANDERSON

To:   HUGHES NICHOLAS COLE
      nick@argohughes.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN DOE V. GENERAL MOTORS, LLC
03-CV-2024-900464.00

The following matter was served on 3/28/2024

**D001 GENERAL MOTORS, LLC**
**Corresponding To**
AUTHORIZED SERVICE

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
4/3/2024 11:41 AM
03-CV-2024-900464.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN DOE,                          *
     Plaintiff,                     *
                               *
vs.                                *       CASE NO. CV-24-900464
                               *
GENERAL MOTORS LLC,                *
     Defendant.                     *

## NOTICE OF SERVICE OF DISCOVERY

COMES NOW the Plaintiff, by and through the undersigned, and hereby gives notice of service of the following discovery upon counsel of record:

1. Plaintiff's First Requests for the Production of Documents and Things to **General Motors LLC**.

/s/ **Nicholas C. Hughes**
Nicholas Cole Hughes (HUG057),
Attorney for the Plaintiff

**Argo | Hughes, LLC**
Nicholas Cole Hughes (HUG057)
475 Providence Main Street, Suite 303D
Huntsville, AL 35806
Tel:   334-279-0088
Fax:  334-279-8830
nick@argohughes.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically served a copy of the foregoing document using the ALAFILE system upon all parties of record on this 3rd day of April 2024.

/s/ **Nicholas C. Hughes**
Nicholas Cole Hughes

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **JOHN DOE,** | * | |
|     **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CASE NO. CV-24-900464** |
| | * | |
| **GENERAL MOTORS LLC,** | * | |
|     **Defendant.** | * | |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT GENERAL MOTORS LLC

COMES NOW Plaintiff **John Doe,** and hereby propounds the following Requests for Production of Documents and Things on Defendant **General Motors LLC.**  In accordance with the Alabama Rules of Civil Procedure, Plaintiff requests that said Defendants respond hereto within the time so allowed under the law:

### DEFINITIONS

Certain words used in this discovery request have the meaning ascribed to them below, namely:

1.      "Document" means the original, all drafts, and all non-duplicate copies of the following:  all written, handwritten, typewritten, printed, photocopied, or graphic or recorded material however produced or reproduced, or any other tangible record on which words, symbols, or information are recorded, including but not limited to all letters, correspondence, memoranda, notes, reports, papers, files, books, records, studies, appraisals, analyses, lists, budgets, bank statements, financial statements, financial projections, financial calculations, tax returns, contracts, agreements, recommendations, summaries, periodicals, charts, graphs, diagrams, tables, tabulations, statistical computations, interviews, affidavits, transcripts, depositions, press releases, brochures, books of account, journals, ledgers, cancelled checks, bills of account, bills, invoices and other records of payment, photographs, calendars, diaries, telegrams and similar

communications sent or received, minutes, notes of meetings, visits, or telephone conversations, inter-office memoranda and communications, memoranda for files, address and telephone records, logs, card files, results of investigations, working papers, computer printouts, instructions, employee records, office manuals, messages, sound tapes, **computer tapes, emails, text messages, video tapes, films, or any other data compilation** from which information can be obtained. Document includes all such documents which are now in your possession, custody, or control or were at any time in your possession, custody, or control.

2.       "Person" means natural persons, corporations, partnerships, governments (or agencies thereof), quasi-public entities, proprietorships, joint ventures, trusts, estates, and all other forms of legal entities.

3.       "Identify" means, with respect to a natural person, to set forth that person's full name and, on the first occasion that such person is identified, the following information:

    (a)       Present or last known residence address;

    (b)       Present or last known business address;

    (c)       Present or last known employer;

    (d)       Present or last known job title; and

    (e)       Employment history with you, if any, by date, title, and job description.

4.       "Identify" mean, with respect to any entity other than a natural person, to set forth the full name or title of the entity, to state the address and principal business or activity of such entity.

5.       "Identify" means (regardless of whether any claim of privilege is asserted), with respect to a document, to set forth the following information:

    (a)       Its nature (e.g., letter, memorandum, report, etc.);

(b)    The date it bears or, if undated, the date it was written or created;

(c)    The identity of the person(s) who wrote or created it;

(d)    The identity of each signer, addressor and addressee of the document;

(e)    The identity of each person who received it or received copies of it;

(f)    Its file number or other identifying mark or code;

(g)    Its general subject matter;

(h)    Its present or last known location and the identity of the present custodian of the document and present custodians of any copies of the document.

6.    "Identify" means, with respect to an oral communication or other event, to set forth the following information:

(a)    Its substance;

(b)    The date it occurred and the time;

(c)    The place it occurred an, if different (as with a telephone communication), the place it was received;

(d)    For a communication, the identity of each participant; and

(e)    The identity of all persons present when the communication occurred.

7.    "Your" or "your" means yourself along with any of your agents, employees, and representatives or any other person acting on your behalf.

8.    "Related to" means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

## **REQUESTS FOR PRODUCTION**

1.    Any and all communications submitted to Dealerlogix by the service department at

Mullinax GMC, as indicated on the service record dated January 24, 2024, related

to a defect in the GMC Sierra having Vehicle Identification Number IGTUUHEL4PZ230265.

2.  Any and all response received by the service department at Mullinax GMC from Dealerlogix related to the inquiry submitted on January 24, 2024.

3.  Any and all reports, communications or other documentation made by a General Motors field engineer that allegedly examined the GMC Sierra having Vehicle Identification Number IGTUUHEL4PZ230265 on March 7, 2024 during an appointment specifically arranged by Defendant General Motors LLC.

4.  Any and all reports, communications or other documentation which resulted from a diagnostic check of a GMC Sierra having Vehicle Identification Number IGTUUHEL4PZ230265 at the service department at Capitol Chevrolet in Montgomery, Alabama on March 28, 2024.

5.  Any and all reports, communications or other documentation which resulted from a diagnostic check of a GMC Sierra having Vehicle Identification Number IGTUUHEL4PZ230265 at the service department at Mullinax GMC in Montgomery, Alabama on March 28, 2024 or any date thereafter.

6.  Any and all documents which pertain, in any manner whatsoever, to known defects in the GMC Sierra line of automobiles which defects relate (in any manner whatsoever) to issues and error codes sustained by Plaintiff's GMC Sierra having Vehicle Identification Number IGTUUHEL4PZ230265.

7.  Any and all internal documentation, including emails between engineers, related to known electronics defects in the GMC Sierra line of vehicles manufactured between 2020 and the present date. Please include in your response to this request

emails from engineers in the design department, manufacturing department and any other department which would have any knowledge of any kinds of known issues of the GMC Sierra line of motor vehicles.

8.      Copies of all invoices paid by GMC to any agents, technicians or similar entities for any repairs to the GMC Sierra having Vehicle Identification Number IGTUUHEL4PZ230265 including, but not limited to, warranty repair payments paid to any dealer.

/s/ **Nicholas C. Hughes**
Nicholas Cole Hughes (HUG057),
Attorney for the Plaintiff

**Argo | Hughes, LLC**
Nicholas Cole Hughes (HUG057)
475 Providence Main Street, Suite 303D
Huntsville, AL 35806
Tel:     334-279-0088
Fax:     334-279-8830
nick@argohughes.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically served a copy of the foregoing document using the ALAFILE system upon all parties of record on this 3rd day of April 2024.

/s/ **Nicholas C. Hughes**
Nicholas Cole Hughes



AlaFile E-Notice

03-CV-2024-900464.00

To:   NICHOLAS COLE HUGHES
       nick@argohughes.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN DOE V. GENERAL MOTORS, LLC
03-CV-2024-900464.00

The following discovery was FILED on 4/3/2024 11:41:48 AM

Notice Date:      4/3/2024 11:41:48 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2024-900464.00

To:   GENERAL MOTORS, LLC (PRO SE)
      641 S. LAWRENCE ST
      C/O CORP SVC CO, INC
      MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN DOE V. GENERAL MOTORS, LLC
03-CV-2024-900464.00

The following discovery was FILED on 4/3/2024 11:41:48 AM

Notice Date:     4/3/2024 11:41:48 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

Case 2:24-cv-00249-MHT-KFP    Document 1-2    Filed 04/26/24    Page 30 of 40

ELECTRONICALLY FILED
4/17/2024 2:10 PM
03-CV-2024-900464.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **JOHN DOE,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CASE NO. CV-24-900464** |
| | * | |
| **GENERAL MOTORS LLC,** | * | |
| **Defendant.** | * | |

## NOTICE OF SERVICE OF DISCOVERY

COMES NOW the Plaintiff, by and through the undersigned, and hereby gives notice of service of the following discovery upon counsel of record:

1. Plaintiff's First Requests for Admissions to **General Motors LLC**.

/s/ **Nicholas C. Hughes**
Nicholas Cole Hughes (HUG057),
Attorney for the Plaintiff

**Argo | Hughes, LLC**
Nicholas Cole Hughes (HUG057)
475 Providence Main Street, Suite 303D
Huntsville, AL 35806
Tel:    334-279-0088
Fax:    334-279-8830
nick@argohughes.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically served a copy of the foregoing document using the ALAFILE system upon all parties of record on this 18th day of April 2024.

/s/ **Nicholas C. Hughes**
Nicholas Cole Hughes

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**JOHN DOE,**           *
       **Plaintiff,**          *
                        *
**vs.**                      *          **CASE NO. CV-24-900464**
                        *
**GENERAL MOTORS LLC,**  *
       **Defendant.**         *

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
### TO DEFENDANT GENERAL MOTORS LLC

COMES NOW Plaintiff **John Doe,** and hereby propounds the following Requests for Admissions on Defendant **General Motors LLC.**  In accordance with the Alabama Rules of Civil Procedure, Plaintiff requests that said Defendants respond hereto within the time so allowed under the law:

### DEFINITIONS

Certain words used in this discovery request have the meaning ascribed to them below, namely:

1.      "Document" means the original, all drafts, and all non-duplicate copies of the following:  all written, handwritten, typewritten, printed, photocopied, or graphic or recorded material however produced or reproduced, or any other tangible record on which words, symbols, or information are recorded, including but not limited to all letters, correspondence, memoranda, notes, reports, papers, files, books, records, studies, appraisals, analyses, lists, budgets, bank statements, financial statements, financial projections, financial calculations, tax returns, contracts, agreements, recommendations, summaries, periodicals, charts, graphs, diagrams, tables, tabulations, statistical computations, interviews, affidavits, transcripts, depositions, press releases, brochures, books of account, journals, ledgers, cancelled checks, bills of account, bills, invoices and other records of payment, photographs, calendars, diaries, telegrams and similar

communications sent or received, minutes, notes of meetings, visits, or telephone conversations, inter-office memoranda and communications, memoranda for files, address and telephone records, logs, card files, results of investigations, working papers, computer printouts, instructions, employee records, office manuals, messages, sound tapes, **computer tapes, emails, text messages, video tapes, films, or any other data compilation** from which information can be obtained.  Document includes all such documents which are now in your possession, custody, or control or were at any time in your possession, custody, or control.

2.      "Person" means natural persons, corporations, partnerships, governments (or agencies thereof), quasi-public entities, proprietorships, joint ventures, trusts, estates, and all other forms of legal entities.

3.      "Identify" means, with respect to a natural person, to set forth that person's full name and, on the first occasion that such person is identified, the following information:

(a)      Present or last known residence address;

(b)      Present or last known business address;

(c)      Present or last known employer;

(d)      Present or last known job title; and

(e)      Employment history with you, if any, by date, title, and job description.

4.      "Identify" mean, with respect to any entity other than a natural person, to set forth the full name or title of the entity, to state the address and principal business or activity of such entity.

5.      "Identify" means (regardless of whether any claim of privilege is asserted), with respect to a document, to set forth the following information:

(a)      Its nature (e.g., letter, memorandum, report, etc.);

(b)     The date it bears or, if undated, the date it was written or created;

(c)     The identity of the person(s) who wrote or created it;

(d)     The identity of each signer, addressor and addressee of the document;

(e)     The identity of each person who received it or received copies of it;

(f)     Its file number or other identifying mark or code;

(g)     Its general subject matter;

(h)     Its present or last known location and the identity of the present custodian of the document and present custodians of any copies of the document.

6.      "Identify" means, with respect to an oral communication or other event, to set forth the following information:

(a)     Its substance;

(b)     The date it occurred and the time;

(c)     The place it occurred an, if different (as with a telephone communication), the place it was received;

(d)     For a communication, the identity of each participant; and

(e)     The identity of all persons present when the communication occurred.

7.      "Your" or "your" means yourself along with any of your agents, employees, and representatives or any other person acting on your behalf.

8.      "Related to" means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

## **REQUESTS FOR ADMISSIONS**

1.      Admit that you were personally served with the Summons and Complaint in the above-styled case.

2.    Admit that on March 17, 2023, Plaintiff purchased a new 2023 GMC Sierra 1500 – Denali Ultimate (having Vehicle Identification Number IGTUUHEL4PZ230265) for the sum of $84,695.00, which motor vehicle was manufactured, distributed and/or imported by you.

3.    Admit that Plaintiff's 2023 GMC Sierra 1500 is a motor vehicle as defined by Section Title 8, §8-20A-1, Ala. Code 1975.

4.    Admit that the engine in Plaintiff's 2023 GMC Sierra 1500 is the 6.2L V8 engine with 10-speed automatic transmission.

5.    Admit that the 6.2L V8 engine with 10-speed automatic transmission is supposed to be the top model engine offered in a GMC Sierra.

6.    Admit that the Plaintiff's 2023 GMC Sierra 1500 immediately began having significant non-conforming conditions.

7.    Admit that the Motor Vehicle's express warranty and implied warranties were in full force and effect at this time.

8.    Admit that on September 8, 2023, Plaintiff took the vehicle to Mullinax GMC, an Authorized Dealer of you in Montgomery, Alabama, reporting engine and mechanical problems.

9.    Admit that on January 24, 2024, Plaintiff took the vehicle to Mullinax GMC, an Authorized Dealer of you in Montgomery, Alabama, reporting engine and mechanical problems.

10.   Admit that Defendant's authorized dealer was able to duplicate the defect on January 24, 2024.

11.   Admit that said authorized dealer was not able to remedy the defect.

12.  Admit that Defendant's authorized dealer sent an inquiry to Dealerlogix on January 24, 2024 in an attempt to learn how to remedy the defect.

13.  Admit that Dealerlogix reported on January 25, 2024 that they were unsure of how to remedy the defect.

14.  Admit that Plaintiff provided high quality videos of a defect to Defendant's authorized dealer on January 24, 2024.

15.  Admit that said high quality videos were also sent to Dealerlogix.

16.  Admit that on February 28, 2024 you received proper notice of a non-conforming condition as defined Section Title 8, §8-20A-1, Ala. Code 1975.

17.  Admit that on March 5, 2024, Plaintiff specifically told the General Motor Company that he did not want to take the 2023 GMC Sierra 1500 to Mullinax GMC for a final opportunity to make repairs and preferred another location.

18.  Admit that on March 5, 2024, Defendant insisted that Plaintiff take the vehicle at issue to Mullinax GMC in Montgomery, Alabama.

19.  Admit that on March 6, 2024, at the request of General Motors Company, Plaintiff took the vehicle to Mullinax GMC, an Authorized Dealer of you in Montgomery, Alabama, so that the defects could be diagnosed by a General Motors Field Engineer.

20.  Admit that on March 6, 2024, the service manager at Defendant's authorized dealer heard a defect in Plaintiff's 2023 GMC Sierra 1500 and stated that something definitely was not working properly.

21.  Admit that Plaintiff provided high quality videos of a defect in the 2023 GMC Sierra 1500 to Defendant's Field Engineer on March 7, 2024.

22.  Admit that the motor vehicle was held for one (1) days during the service visit of March 6, 2024.

23.  Admit that Plaintiff was informed that Defendant's Field Engineer was able to duplicate a defect in Plaintiff's 2023 GMC Sierra 1500 and also viewed the videos provided by Plaintiff.

24.  Admit that Defendant's authorized dealer and Field Engineer were not able to remedy the defect.

25.  Admit that on March 28, 2024 the defects in Plaintiff's 2023 GMC Sierra 1500 became worse to the extent that the vehicle was not safe to operate.

26.  Admit that on March 28, 2024 Plaintiff took the vehicle at issue to Capitol Chevrolet, another authorized dealer of the Defendant, in Montgomery, Alabama.

27.  Admit that a diagnostic report was run on the vehicle at issue and multiple problems were reported.

28.  Admit that Plaintiff was told that he was going to have leave the vehicle at Capitol Chevrolet due to the reported issues.

29.  Admit that Capitol Chevrolet was not able to begin attempts to repair the vehicle at the present time so they suggested that Plaintiff return to Mullinax GMC in Montgomery, Alabama.

30.  Admit that on March 28, 2024 Plaintiff took the vehicle at issue back to Mullinax GMC in Montgomery, Alabama.

31.  Admit that a diagnostic report was run on the vehicle at issue by Mullinax GMC and multiple problems were again reported.

32.     Admit that a diagnostic report indicated twelve-hundred (1,200) misfires from the engine.

33.     Admit that the motor vehicle was held for sixteen (16) days during the service visit of March 28, 2024.

34.     Admit that Mullinax GMC replaced lifters in the engine of the vehicle at issue in an attempt to repair the defects.

35.     Admit that Mullinax GMC replaced cylinders in the engine of the vehicle at issue in an attempt to repair the defects.

36.     Admit that Defendant is aware of numerous issues with lifters and cylinders in the engines of vehicles of the same make and model as the Plaintiff's 2023 GMC Sierra 1500.

37.     Admit that Mullinax GMC damaged the grille to Plaintiff's GMC Sierra 1500 while diagnosing and attempting to repair the defects.

38.     Admit that Plaintiff's 2023 GMC Sierra 1500 remains damaged as of the present date.

39.     Admit that the engine in Plaintiff's 2023 GMC Sierra 1500 is still defective after repair attempts.

40.     Admit that an irregular noise continues to emit from the engine in Plaintiff's 2023 GMC Sierra 1500.

41.     Admit that an irregular noise continues to emit from the climate control system in Plaintiff's 2023 GMC Sierra 1500.

42.     Admit that the audio from the Infotainment system cuts in and out shortly after startup on all inputs.

43.     Admit that Defendant is aware of numerous issues with the Infotainment systems

of vehicles of the same make and model as the Plaintiff's 2023 GMC Sierra 1500.

44.     Admit that as of this date, the non-conforming conditions of Plaintiff's 2023 GMC

Sierra 1500 have not been cured.

/s/ *Nicholas C. Hughes*
Nicholas Cole Hughes (HUG057),
Attorney for the Plaintiff

**Argo | Hughes, LLC**
Nicholas Cole Hughes (HUG057)
475 Providence Main Street, Suite 303D
Huntsville, AL 35806
Tel:    334-279-0088
Fax:    334-279-8830
nick@argohughes.com


**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically served a copy of the foregoing document using the ALAFILE system upon all parties of record on this 18th day of April 2024.

/s/ *Nicholas C. Hughes*
Nicholas Cole Hughes



AlaFile E-Notice

03-CV-2024-900464.00

To:  NICHOLAS COLE HUGHES
     nick@argohughes.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN DOE V. GENERAL MOTORS, LLC
03-CV-2024-900464.00

The following discovery was FILED on 4/17/2024 2:10:19 PM

Notice Date:     4/17/2024 2:10:19 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2024-900464.00

To:   GENERAL MOTORS, LLC (PRO SE)
      641 S. LAWRENCE ST
      C/O CORP SVC CO, INC
      MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JOHN DOE V. GENERAL MOTORS, LLC
03-CV-2024-900464.00

The following discovery was FILED on 4/17/2024 2:10:19 PM

Notice Date:      4/17/2024 2:10:19 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260